WILLIAM P. GARVEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garvey v. Commissioner
Docket No. 5352-80.
United States Tax Court
T.C. Memo 1982-176; 1982 Tax Ct. Memo LEXIS 567; 43 T.C.M. (CCH) 1003; T.C.M. (RIA) 82176; April 7, 1982. *567 Petitioner worked as a licensed pharmacist for a pharmacy. He was also a stockholder, and Secretary-Treasurer, of the pharmacy. He maintained an office area and a storage area for the pharmacy at his personal residence. Held, under section 280A, petitioner is not entitled to deduct the costs of maintaining either the office area or the storage area at his personal residence. William P. Garvey, pro se. David P. Fuller, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in *569 petitioner's Federal income tax for the year 1977 in the amount of $ 401. Concessions having been made by petitioner, the only issue remaining for our decision is whether petitioner is entitled to deduct expenses incurred for the use of a part of his dwelling unit in connection with his employment, under section 280A. [1]
FINDINGS OF FACT Some of the facts in this case were stipulated. The facts stated in the stipulation, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner William P. Garvey resided in Santa Ana, California, at the time his petition herein was filed. He filed an individual Federal income tax return for the year 1977. Throughout 1977, petitioner was licensed to practice pharmacy by the California State Board of Pharmacy. He was employed as a pharmacist by Telbat, Inc., which did business under the name of Santa Ana-Tustin Professional Clinic Pharmacy. Petitioner's duties as a licensed pharmacist included procuring, storing, and dispensing pharmaceuticals.Petitioner usually spent at least 40 hours per *570 week at Telbat, Inc.'s business premises. In 1977, petitioner also was a 25-percent shareholder, and the Secretary-Treasurer, of Telbat, Inc. (hereinafter the pharmacy). As Secretary-Treasurer, he was responsible for maintaining the pharmacy's books and other business records. The business premises of the pharmacy are located in the lobby area of an eight-story medical building, located several miles from petitioner's residence, and comprise approximately 1,000 square feet. It was not of sufficient size to accommodate an office. In addition, an "Inspector's Pharmacy Report," dated April 1, 1977, which was prepared by an inspector of the California State Board of Pharmacy, indicates that the pharmacy's storage area was inadequate for the stock then on hand. Expanding the size of the pharmacy to provide additional space for an office and for storage was not a viable option since the premises were leased; apparently, all other space near the building's lobby area had first been leased to businesses engaged in providing radiology and pathology services and then the pharmacy was permitted to lease whatever space remained. As a consequence of the limited space available at the *571 pharmacy's business premises, petitioner set up at his residence a storage area for prescription drugs sold at the pharmacy and kept the pharmacy's books and business records at his home. From January 1, 1977, to March 21, 1977, petitioner lived in a house, which he leased. Petitioner used one room as an office for the pharmacy. He used a garage, which was attached to the house, as a storage area for the prescription drugs. The area comprised by the office and garage constituted 35 percent of the house's total area. Petitioner paid $ 405 rent per month for this house. From March 22, 1977, to December 31, 1977, petitioner lived in a house, which he owned. Petitioner maintained an office area for the pharmacy, consisting of a desk and file cabinets, in this house. In addition, he used a garage attached to the house as a storage area for the prescription drugs. The office area and garage together contain 27.7 percent of the house's total area. Prescription (or legend) drugs are required by California state law to be kept under the direct control of a licensed pharmacist at all times. Consequently, petitioner kept the garage storage areas in his personal residences under lock *572 and key at all times. Neither petitioner nor his family used the garages for personal purposes. On his 1977 return, petitioner claimed an "Office in Home" deduction in the amount of $ 727. The "Office in Home" deduction claimed is attributable to petitioner's business use of the office areas and the garages in his two homes as described earlier. In his notice of deficiency, respondent disallowed the entire deduction with the following explanation: (b) The $ 727 shown on your return as an expense for the use of a part of your home as a business office [is] not allowable because it has not been established: 1. that your office was exclusively used on a regular basis as your principal place of business, or to meet or deal with patients, clients or customers, or 2. that your office was a separate structure not attached to the dwelling unit. In addition it has not been established that the use of the office was for the convenience of your employer. Also, it has not been determined how much gross income is attributable to the use of the office. Accordingly, taxable income is increased $ 727. OPINION Section 280A, which was added to the Code by the Tax Reform Act of *573 1976, substantially limits the deductibility of home office expenses. This section is effective for the year in question. Subsection(a) of section 280A prohibits the deduction of expenses with respect to the use of a dwelling unit, which is used by the individual taxpayer as a residence, unless section 280A otherwise provides. Section 280A(c)(1) and (2) provide as follows: (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.-- (1) Certain business use.--Subsection(a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. (2) Certain *574 storage use.--Subsection(a) shall not apply to any item to the extent such item is allocable to space within the dwelling unit which is used on a regular basis as a storage unit for the inventory of the taxpayer held for use in the taxpayer's trade or business of selling products at retail or wholesale, but only if the dwelling unit is the sole fixed location of such trade or business. Petitioner concedes, at least implicitly, that the costs of maintaining the storage areas in his homes for prescription drugs do not meet the tests requisite to deductibility under section 280A(c)(1) and we concur in that view. [2] He contends, however, that such costs fall within the exception to the application of section 280A(a) contained in section 280A(c)(2), since the garages were the "sole, fixed location of the business storage area." (emphasis added) Petitioner apparently further contends that we should, in any event, permit him to deduct the expenses of maintaining the garages because his case is different from the usual case arising under section 280A. In this connection, he primarily relies upon the following facts: (1) the pharmacy's inability to expand its premises; (2) the issuance *575 of a warning to the pharmacy by the inspectors of the California State Board of Pharmacy to keep the floor of the pharmacy clear of stock, which noted that the pharmacy's storage area was inadequate for the stock on hand; and (3) the requirement of California state law that prescription drugs be kept under lock and key at all times, with the keys remaining in the sole possession of a licensed pharmacist. Respondent, on the other hand, simply contends that petitioner's circumstances fail to fit within section *576 280A(c)(2) "because petitioner's homes were not the 'sole fixed location' of his trade or business." We agree with respondent. Section 280A(c)(2) unambiguously sets out an exception to the application of section 280A(a) in the case where a portion of the taxpayer's dwelling unit is regularly used as a storage unit for inventory that the taxpayer holds for use in his trade or business of selling products at retail or wholesale, but only if the dwelling unit is the sole fixed location of the trade or business. Nowhere does the statute authorize us to take into consideration, as petitioner asks us to do, that the dwelling unit is the sole fixed location of the trade or business' storage unit. Since petitioner had a fixed place of business other than at his residence, section 280A(c)(2) does not fit his situation. Section 280A provides a broad general rule that requires disallowance of deductions with respect to business use of a personal residence and specific exceptions to that rule. Unfortunately for petitioner here, his circumstances fall directly within the general rule, but not within any of the exceptions thereto. Although we are sympathetic with petitioner in his *577 plight, we have no power to add to, or to broaden, the exceptions created by Congress in enacting section 280A. In accordance with the foregoing, we have no alternative except to sustain respondent's determination that the costs of maintaining the storage areas for the prescription drugs cannot be deducted under section 280A. Petitioner's costs of maintaining home offices in connection with his duties as a pharmacist would not be deductible under section 280A(c)(1) for the same reasons that the costs of maintaining the prescription storage areas are not deductible thereunder; that is: (1) the pharmacy's business premises constituted the principal place of petitioner's profession as a pharmacist; (2) no evidence was submitted to prove that patients, clients, or customers dealt or met with petitioner at his home offices; and (3) the offices were not located in separate structures unattached to petitioner's homes. Petitioner may have been engaged in a second trade or business, however, as a corporate officer of the pharmacy. This Court has previously recognized that a taxpayer may be engaged in more than one business and that a home office may be the principal place of conducting *578 a second business. . Even if, arguendo, we view petitioner as engaged in a second trade or business as a corporate officer, and further view the home offices as maintained for the convenience of his employer (which had no office area), petitioner still is not entitled to a deduction for the costs of maintaining the home offices. First, petitioner has not established that the offices in his residences were exclusively and regularly used in connection with his duties a Secretary-Treasurer of the pharmacy. Second, there is no evidence as to whether petitioner was compensated in 1977 for his services rendered as Secretary-Treasurer of the pharmacy. Section 280A(c)(5) (which limits the amount deductible where a deduction is otherwise allowable for a home office, under section 280A(c)(1), to the amount by which the gross income derived for the taxable year from the use of the office exceeds the deductions allocable to the portion of the home used as an office which would be allowable regardless of whether such portion was used for business purposes). For the foregoing reasons, we likewise must conclude that petitioner *579 is not entitled to deduct the costs of maintaining the offices in his homes. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Here, petitioner's income was generated by the work that he did at the pharmacy, not by storing prescription drugs at his homes, and his principal place of business, therefore, was the pharmacy. The costs of maintaining the garages, consequently, do not come within the exception to section 280A(a) contained in section 280A(c)(1)(A). See . The exceptions contained in section 280A (c)(1)(B) and (C) are likewise not applicable since the record is devoid of any evidence that patients, clients, or customers met or dealt with petitioner in the garages and since the garages were attached to petitioner's homes.↩